SO ORDERED: October 7, 2014.



_____
James M. Carr
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ROBERT THEOPHILLIOUS JACKSON, JR., ) | Case No. 13-08560-JMC-7 |
| ) | |
| Debtor. ) | |
| _____) | |
| ) | |
| VICKIE HOWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary Proceeding No. 13-50271 |
| ) | |
| ROBERT THEOPHILLIOUS JACKSON, JR., ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING IN PART AND DENYING IN PART THE MOTION TO DISMISS**

This matter came before the Court on the Motion to Dismiss Adversary Proceeding Pursuant to Fed. R. Bankr. P. 7012(b) and the brief attached thereto filed by Robert T. Jackson ("Jackson") on December 30, 2013 (Docket No. 10) (the "Motion"). The Court, having reviewed the Motion, the Original Complaints (as defined below), the Second Amended Complaint (as

defined below), the Brief in Support of Plaintiff's Revised Amended Complaint to Except Debt from Discharge filed on April 18, 2014 (Docket No. 22) ("Howard's Brief") and the Supplemental Brief in Support of Defendant's Motion to Dismiss filed on April 18, 2014 (Docket No. 23) ("Jackson's Brief"), having considered the evidence admitted and the arguments from counsel at a hearing on March 24, 2014 (the "Hearing"), and being otherwise duly advised, now **GRANTS** the Motion in part and **DENIES** the Motion in part.

*Standard of Review*

Jackson moves the Court to dismiss this adversary proceeding pursuant to Fed. R. Civ. P. 12(b)(6), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012(b).

A complaint may be dismissed under Rule 12(b)(6) if it fails to allege facts sufficient to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). Although the complaint does not need "detailed factual allegations," a plaintiff nonetheless must provide sufficient grounds for relief and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint, and not pass upon the merits of the case. *Wright v. Thompson*, 2012 WL 2401532 at *1 (S.D.Ind. 2012). The Court accepts all well-pled allegations from the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Christiansen v. County of Boone, Illinois*, 483 F.3d 454, 457 (7th Cir. 2007).

> To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), such that the defendant is given "fair notice of what the ... claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 677–78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 570); *see also Tamayo,* 526 F.3d at 1082. The Supreme

> Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal,* 556 U.S. at 678–79; *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009). Determining whether a complaint states a plausible claim for relief requires the Court to draw on its judicial experience and common sense. *Iqbal,* 556 U.S. at 679.

*Trustees of Teamsters Union Local No. 142 Pension Trust Fund v. Cathie's Cartage, Inc.*, 2013 WL 2402990 at *2-3 (N.D. Ind. 2013).

*Procedural Background*

An initial question arises as to which complaint the Court should review for purposes of ruling on the Motion. The original complaint Howard filed on November 20, 2013 (Docket No. 1) was amended[1] on December 3, 2013 (Docket No. 4) (collectively, the "Original Complaints"). On March 25, 2014, the Court ordered Howard to file an amended complaint to redact the names of any minors contained in the Original Complaints. On April 1, 2014, Howard complied with the Court's order and filed a Revised Amended Complaint to Except Debt from Discharge (Docket No. 21) (the "Second Amended Complaint").

The Second Amended Complaint contains additional paragraphs and additional exhibits that were not included in the Original Complaints. In Jackson's Brief, he asks the Court to strike the Second Amended Complaint and the additional exhibits because they were improperly added without leave of the Court to amend the pleading pursuant to Fed. R. Civ. P. 15(a), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7015.

Given that the Motion was directed at, and the Hearing was held with respect to, the Original Complaints, the Court will focus on the allegations therein when ruling on the Motion. However, because the Original Complaints were made private due to a minor's identifying information being contained therein and removed from public access, the Court will reference

---

[1] It appears the amendment was procedural in nature solely to correct the format of an electronic signature.

those allegations as they appear in the Second Amended Complaint because it is generally available. All changes made or added to the Second Amended Complaint, and any related arguments in Howard's Brief, have been ignored for purposes of ruling on the Motion. Accordingly, all references to the Second Amended Complaint from this point forward should be understood to mean only those portions that appeared in the Original Complaints. The Court reserves for another day the issue of whether to strike the changes or additions captured in the Second Amended Complaint.

*Reasoning*

In the Second Amended Complaint, Howard, as personal representative of the estate of Tracy D. Jackson (the "Probate Estate"), alleges that Jackson's debts to the Probate Estate are nondischargeable as a domestic support obligation pursuant to 11 U.S.C. § 523(a)(5), in connection with a divorce decree pursuant to 11 U.S.C. § 523(a)(15), and as part of a student loan under 11 U.S.C. § 523(a)(8). Tracy D. Jackson was Howard's sister and Jackson's former wife who passed away on April 27, 2012.

The first question in evaluating the Motion is whether the Second Amended Complaint is a short, plain statement of Howard's claim showing that she is entitled to relief, and that Jackson was given fair notice of Howard's claim and the grounds therefor. The Court concludes that the Second Amended Complaint meets this standard because there is no dispute between the parties as to the substance of Howard's claim and Jackson has a clear understanding of Howard's claim.

Jackson instead focuses on the second question: whether Howard has stated a plausible claim upon which relief can be granted.

*§§ 523(a)(5) and (15)*

Section 523(a)(5) excepts from discharge a debt for a domestic support obligation (a

"DSO"), which is defined by 11 U.S.C. § 101(14A) as, in relevant part:

> a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is –
> (A)   owed to or recoverable by –
>     (i)   a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>     (ii)   a governmental unit;
> (B)   in the nature of alimony, maintenance, or support…of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
> (C)   established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of –
>     (i)   a separation agreement, divorce decree, or property settlement agreement;
>     (ii)   an order of a court of record; ….

Section 523(a)(15) excepts from discharge a debt "to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit."

Jackson asserts that the debts owed to Howard cannot be considered DSOs because Howard can never show that she or the Probate Estate have ever been related to Jackson as a spouse, former spouse, or child, or that they are a governmental unit. Jackson argues, "Under the plain language of the statute, the debt is only a domestic support obligation to the extent that it is collected by a spouse, former spouse, child or child's representative." (Brief in Support of Defendant's Motion to Dismiss, which is attached to the Motion, p. 7). The Court disagrees.

Numerous courts, including the Seventh Circuit, have held that parties not explicitly listed in § 101(14A) have nevertheless qualified for the DSO exception to discharge. The

changes made to the law in 2005 have not significantly altered these courts' analysis. The most frequent example of third-party recovery occurs with attorneys' fees incurred in obtaining support orders (*See In re Rios*, 901 F.2d 71 (7th Cir. 1990). "[V]irtually every lower court within the Seventh Circuit has determined that awards of attorney fees incurred by a former spouse in [marital] dissolution proceedings are nondischargeable, notwithstanding a provision that the fees be paid directly to the attorney." *In re Mitchell*, 2013 WL 2422694 at *3 (N.D. Ill. 2013) (*citing Johnson v. Johnson (In re Johnson)*, 2012 WL 2835462 at *2 (Bankr.C.D. Ill. 2012)). The District Court for the Northern District of Illinois has applied the same interpretation of the DSO exception in the context of fees for an Illinois child representative. *Levin v. Greco (In re Greco)*, 415 B.R. 663 (N.D. Ill. 2009). Taking the allegations in the Second Amended Complaint as true, the debts are in the nature of a DSO. Howard and the Probate Estate have an even closer relationship to the original creditor than would a hypothetical third-party attorney or guardian ad litem, and there is no reason that the same analysis that has applied in the majority of DSO cases in the circuit does not apply here.

That analysis also applies to the argument that Howard cannot bring the claim under § 523(a)(15). *Mitchell*, 2013 WL 2422694 at *4 (*citing Johnson*, 2012 WL 2835462 at *2) (the majority of courts throughout the circuit have looked at the nature of the debt and not to whom the debt is owed and have applied the exact same analysis to § 523(a)(15) claims)).

Furthermore, in addition to the majority interpretation of the DSO exception, the Court notes that the language of § 101(14A) says "owed to or recoverable by" and does not explicitly require that the action solely be brought by one of the parties identified in the statute. Pursuant to Indiana Code § 29-1-13-13, Jackson has full power to "maintain any suit in any court of competent jurisdiction, in [her] name as such personal representative, for any demand of

whatever nature due the decedent or [her] estate[.]" Contrary to Jackson's argument, Indiana law does not conflict with § 101(14A) because the statute does not exclude third-party DSO claimants as long as the claim would have been recoverable by a party identified in the statute.

Therefore, the Court concludes that Howard has stated a plausible claim to relief, and the Court denies the Motion as to the allegations related to §§ 523(a)(5) and (15).

*§ 523(a)(8)*

Section 523(a)(8) provides:

(a)  A discharge under section 727 … of this title does not discharge an individual debtor from any debt –
    (8)  unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for –
        (A)(i)  an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
        (ii)  an obligation to repay funds received as an educational benefit, scholarship or stipend; or
        (B)  any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual[.]

Jackson asserts that the Probate Estate cannot plead that it is an agent or representative of an educational lending institution and that § 523(a)(8) does not apply in this case. The Court agrees.

Howard has not plausibly pled a claim under § 523(a)(8) because the factual basis of the claim does not meet any of the standards articulated in the statute to qualify for the student loan exception to discharge: the claim is not with respect to an educational benefit overpayment or loan made or insured by a governmental unit, the claim is not with respect to an obligation to repay funds received as an educational benefit, and the claim is not based upon an educational loan that is a qualified educational loan as defined by the Internal Revenue Code.  Therefore, the

Court grants the Motion as to the allegations related to §523(a)(8), and that portion of the Second Amended Complaint is dismissed.

The Court is sensitive to Jackson's argument that any recovery for the Probate Estate will diminish his ability to support his minor child, one of the parties who the DSO order is intended to benefit. Jackson's concerns will be considered as this adversary proceeding moves forward, and nothing in this order prevents Jackson from returning to state court to seek an appropriate modification of the DSO order to benefit the minor child.

For the foregoing reasons, the Motion is **GRANTED** as to the claims made pursuant to § 523(a)(8), which are hereby **DISMISSED**, and **DENIED** as to the claims made pursuant to §§ 523(a)(5) and (15).

The Court hereby sets a telephonic status conference for **Tuesday, October 28, 2014 at 10:30 a.m. EDT**. Counsel for Howard shall initiate the call to the Court at (317) 229-3864, with counsel for Jackson on the line.

IT IS SO ORDERED.

# # #